**Esther WEST, Appellant,**

**v.**

**PENNYRICH INTERNATIONAL, INC.,**
**Appellee.**

**No. 4840.**

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1969.

Shank, Irwin, Conant & Williamson, Dallas, for appellant.

Crocker & Murphy, Sidney J. Diamond, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an interlocutory order of the trial court granting plaintiff's application for a temporary injunction, restraining defendant, pending final hearing, from revealing any trade secrets of plaintiff, to any person, firm, partnership or corporation.

Plaintiff Pennyrich International sued defendant West and Yours Truly International, Inc., alleging plaintiff was engaged in the selling of women's apparel throughout the United States; that plaintiff markets its products through direct sales personnel who are under written contract with plaintiff; that the list of plaintiff's salesmen is highly confidential and is a trade secret; that defendant West formerly worked for plaintiff and had access to plaintiff's list of salesmen; that defendant West left plaintiff's employ and went to work for Yours Truly, and that she is revealing the names of plaintiff's salesmen to Yours Truly, which is contacting such salesmen in an attempt to get them to break their contract with plaintiff and go to work for Yours Truly. Plaintiff sought damages, and temporary and permanent injunction against defendant West from "revealing any trade secrets to any person * * * or corporation".

The trial court after hearing on temporary injunction, enjoined defendant West, pending final hearing, from revealing any

trade secrets to any person, firm, partnership or corporation.

Defendant West appeals on 7 points contending:

1) The evidence is insufficient to show defendant West was using or threatening to use any of plaintiff's customer lists in developing sales for Yours Truly.

2) The alleged list of "customers" claimed by Pennyrich is not a trade secret.

3) Defendant has a legal right to solicit and deal with Pennyrich "customers".

4) The trial courts order is not in compliance with Rule 683 TRCP.

Plaintiff sells ladies apparel throughout the United States through a system of sales persons who actually buy plaintiff's products and resell same. These sales persons are under contract with plaintiff, which contract includes a 1 year noncompetition clause. Their names are confidential and they constitute the most valuable asset in plaintiff's business. Defendant West formerly worked for plaintiff where she learned the names and addresses of plaintiff's salespeople or "customers". Defendant West left her employment with plaintiff and went to work for Yours Truly, Inc., a competitor of plaintiff. Defendant West has been recruiting and encouraging salespeople to leave plaintiff and go to work for Yours Truly, and Yours Truly has been contacting plaintiff's salespeople or "customers", urging them to leave plaintiff and go to work for Yours Truly; and that a number of plaintiff's salespeople have gone to work for Yours Truly. Plaintiff spent a great deal of time and money in training its salespeople.

■ A "trade secret" entitled to protection by injunction may consist of any formula, pattern, device or compilation of information used in one's business, which gives him an opportunity to obtain an advantage over competitors who do not know of it. Hyde Corp. v. Huffines, 168 Tex. 566, 314 S.W.2d 763.

■ We think plaintiff's list of sales people or "customers" within the foregoing definition. In any event the record reflects defendant has persuaded plaintiff's employees to break their contract with plaintiff.

In suits for temporary injunction, the trial court is endowed with broad discretion to grant or deny the injunction; and the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial court constitutes a clear abuse of discretion. Moreover, the purpose of the temporary injunction is to preserve the status quo of the subject matter of the suit pending a final trial of the case on its merits. Janus Films, Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S.W. 2d 589. Defendants first three contentions are overruled.

■ Defendant's 4th contention complains that the trial court's order granting the temporary injunction is not in compliance with Rule 683 TRCP. Rule 683 prescribes the form and scope of injunctions and restraining orders as follows: "Every order granting an injunction . * * * shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained * * *."

In the instant case the court's order restrained the defendant "from revealing any trade secrets to any person, firm, etc." Such order did not set forth the reasons for its issuance, and did not detail the specific acts defendant was restrained from doing.

Contention 4 is sustained. The order failing to comply with the mandatory requirements of Rule 683 must be reversed. See: Rothermel v. Goodrich, Tex.Civ.App. (NWH) 292 S.W.2d 882; Crouch v. Crouch, Tex.Civ.App. (NWH) 164 S.W.2d 35; City of Houston v. Rose, Tex.Civ.App. (NWH), 361 S.W.2d 477; Northcutt v. Waren, Tex.Civ.App. (n. r. e.) 326 S.W.2d 10; Transport Co. of Texas v. Robertson

Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

The temporary injunction is dissolved, the judgment is reversed and cause remanded to the trial court for a new trial.

Reversed and remanded.