**Fred SMITH dba Aragon Ballroom, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 11734.**

Court of Civil Appeals of Texas, Austin.

Jan. 28, 1970.

**394**

Small, Herring, Craig, Werkenthin & Shannon, Fred B. Werkenthin, Austin, Burford, Ryburn & Ford, Logan Ford, J. Dan Bohannan, Dallas, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Pat Bailey, Exe. Asst. Atty. Gen., John R. Grace, Louis G. Neumann, J. H. Broadhurst, Asst. Attys. Gen., Austin, for appellee.

O'QUINN, Justice.

This appeal is from action of the trial court granting a temporary injunction to restrain Fred Smith from operating the Aragon Ballroom in Dallas County pending final hearing and determination of a suit brought by the State to collect delinquent admissions taxes under chapter 21, Title 122A, Taxation-General, Vernon's Ann. Tex.St.

The taxes claimed by the State are for the period beginning April 1, 1964, and ending June 30, 1968, in the amount of $39,968.18, together with penalties and interest. The taxes here involved are unrelated to the taxes in a prior suit against Fred Smith before this Court in 1967 (420 S.W.2d 204) and before the Supreme Court in 1968 (434 S.W.2d 342).

The principal questions to be decided are (1) whether the order of the trial court enjoining Fred Smith from operating the ballroom met the requirements of Rule 683, Texas Rules of Civil Procedure, that the order set forth the reasons for issuance of the writ, and (2) if not, whether the defect was cured by a nunc pro tunc judgment entered by the trial court after the cause had reached this Court on appeal.

At the hearing on temporary injunction the State introduced over objection certificate of the Comptroller that Fred Smith doing business as Aragon Ballroom was delinquent as of July 25, 1969, in admissions taxes totaling $39,968.18, with penalty of $4,062.53 and interest in the sum of $6,923.61, for the tax period April 1, 1964, through June 30, 1968.

The State also introduced over objection the mandate of the Supreme Court of Texas, dated January 10, 1969, in the prior tax suit reported in 434 S.W.2d 342. In connection with offering this exhibit, the State introduced through W. C. Schulle, assistant director of the excise tax division of the Comptroller's office, the following testimony:

"Q   And you are now at this time familiar with the records from 1957 to date, and familiar with the lawsuit in which we offered the mandate of the Supreme Court?

A   I am.

Q   And do you know the defendant named as Fred Smith in that lawsuit?

A   I do.

Q   And is that the same Fred Smith that is involved as defendant in the lawsuit now before this Court?

A   It is.

Q   Do you know whether or not the judgments—judgment or judgments entered in that case that was before the Supreme Court have been paid, or not?

MR. FORD: We object—

A   They have not been paid."

Counsel for Fred Smith was permitted by the trial court to state his objections in full, after which the court overruled the objections.

No other testimony was offered or received in the hearing on temporary injunction.

Hearing was held August 28, 1969, and the trial court entered judgment September 11, 1969, overruling sundry motions, pleas, and exceptions, and granting a temporary injunction enjoining Fred Smith from operating the Aragon Ballroom. The amount of the supersedeas bond was fixed at $10,000.

■ The order of September 11, 1969, did not set forth the reasons for its issuance. Rule 683, Texas Rules of Civil Procedure, requires that, "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance * * *." In its order the court stated:

"Following the ruling on the plea in abatement and exceptions aforesaid, the Court proceeded to hear evidence on behalf of the State of Texas in support of its Motion for a Temporary Injunction herein, and the Court after hearing the evidence thereon is of the opinion that writ of temporary injunction should be issued as prayed for in Plaintiff's Original Petition in favor of the State of Texas against Fred Smith pending final hearing and determination of this cause."

The provisions of Rule 683 are mandatory, and an order failing to comply with the requirements will be reversed. Hodges v. State, 198 S.W.2d 150 (Tex.Civ.App., Austin, 1946, no writ); Rothermel v. Goodrich, 292 S.W.2d 882 (Tex.Civ.App., Beaumont, 1956, no writ); Northcutt v. Waren, 326 S.W.2d 10 (Tex.Civ.App., Texarkana, 1959, writ ref. n. r. e.); City of Houston v. Rose, 361 S.W.2d 477 (Tex.Civ.App., Houston, 1962, no writ); West v. Pennyrich International, Inc., 447 S.W.2d 771 (Tex.Civ.App., Waco, 1969), decided October 23, 1969.

■ The order of September 11, 1969, failing to meet the mandatory requirements of Rule 683, must be reversed unless the omission was supplied by a nunc pro tunc judgment entered by the trial court December 9, 1969, after appeal had been perfect-ed to this Court. The latter judgment was substantially in the words of the September order, except the following paragraphs which were added:

"It is hereby found that the judgment entered on the 11th day of September, 1969, did not reflect the correct findings of the Court at that time, and this order is entered for the purpose of showing the true and correct findings of the Court on the 28th day of August, A.D. 1969.

It is THEREFORE, ORDERED, ADJUDGED AND DECREED that a temporary injunction be and the same is hereby granted for the reasons that Defendant, Fred Smith, owns and operates a dance hall, night club or other place of amusement; that Defendant charges a fee or price for admission in excess of 51¢ per person; that the defendant has failed and refused to pay such taxes, penalties and interest sued for and is violating the revenue laws of the State of Texas as provided by Article 4669, Vernon's Civil Statutes; and that the State will suffer a great loss of revenue if Defendant is not enjoined."

If the omission from the order of September 11, 1969, of the court's reasons for granting the temporary injunction was a judicial error, the subsequent judgment nunc pro tunc, entered December 9, 1969, did not correct the fatal defect. Finlay v. Jones, 435 S.W.2d 136 (Tex.1968); Tunnell v. Otis Elevator Company, 404 S.W.2d 307 (Tex.1966); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Perkins v. Dunlavy, 61 Tex. 241 (1884).

The trial court conducted a brief hearing before entering the judgment nunc pro tunc of December 9, 1969. The State offered no evidence showing a clerical error had been made. At the hearing an attorney for Fred Smith testified without contradiction that it was his recollection that following the hearing of August 28, 1969 "* * * the Court simply pronounced his judgment to the effect that he would

grant the request, that he would grant the request of the plaintiff for a temporary injunction. There were no findings or reasons stated by the Court at that hearing, or any subsequent time that I recall."

At the hearing in December, the trial court read from the docket sheet the notation, "Temporary injunction granted as per draft of order on file."

There is nothing in the record to indicate that the trial court at any time stated reasons for granting the temporary injunction prior to entry of the judgment nunc pro tunc.

In Hodges v. State, supra, this Court held that it was "reversible error" when the trial court " * * * made no specific findings in its order and did not state any reasons for its issuance."

There it was also said:

"It must be assumed that the Supreme Court of Texas in promulgating said rule, was cognizant of and adopted the interpretation placed upon it by the Federal Courts. While failure to comply with it in some instances may result in no injury; nevertheless, it was obviously intended to insure extreme care by trial courts in granting injunctions; to require an affirmative showing of a sound basis for doing so; and to inform both courts and litigants the specific grounds on which such decree is based. It is important, therefore, that such rule be followed."

In Rothermel v. Goodrich, supra, the court described failure of the trial court to comply with Rule 683 as "an erroneous exercise of judicial power." This description of the error was adopted and approved in City of Houston v. Rose, supra. In Northcutt v. Waren, supra, such failure was characterized as "fatal."

The State has cited and relies upon O'Daniel v. Libal, 196 S.W.2d 211 (Tex. Civ.App., Waco, 1946, no writ) for authority to permit a trial court to enter judgment nunc pro tunc to have its records speak the truth. We do not consider that case in point for the reason that there the later judgment recited "the judgment that was actually pronounced and rendered in open court." In the cause before us the trial court made no pronouncement, except that the injunction would issue, and stated no findings and no reasons for issuance of the order, either orally or in the order itself.

The rule is stated in Texas Jurisprudence that proceedings to amend judgments " * * * are not appropriate to modify or enlarge the judgment or the record so that it expresses something that the court did not pronounce, even though the proposed amendment embraces matter that could or even should have been pronounced." 33 Tex.Jur.2d, Judgments, sec. 142, p. 667, and cases there cited.

When the trial court's decision is officially announced, either orally in open court or by written draft, the judgment is rendered. A later nunc pro tunc judgment purporting to alter the original rendition of judgment as clerical error is void. Comet Aluminum Company, Inc. v. Dibrell, 450 S.W.2d 56 (Tex.1970).

We conclude that omission of matters in the order of September 11, 1969, required by Rule 683 to be stated, was a judicial error and therefore an error that could not be corrected later by entering a judgment nunc pro tunc.

In the trial court's judgment nunc pro tunc certain findings, which we have already set out, were included in stating reasons for granting the temporary injunction. The record does not show that these findings were based upon any evidence introduced at either the hearing in August or the hearing in December. At the hearing of December 9, 1969, the State appeared to take the position that facts alleged in the petition, which was verified, would support findings of the trial court recited in the judgment nunc pro tunc. The record does

not reflect that the parties agreed that proof of any facts in issue could be made by affidavit.

The Supreme Court held in Millwrights Local Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683 (Tex.1968) that:

" * * * in the absence of agreement by the parties, the proof required to support a judgment issuing a writ of temporary injunction may not be made by affidavit, and thus that Rust's sworn petition does not constitute evidence supporting the trial court's judgment in this case." (433 S.W.2d 683, 686, col. 1.)

The judgment of the trial court granting a writ of temporary injunction is reversed, and the temporary injunction is dissolved.

Judgment reversed; temporary injunction dissolved.