**Mary Jane SCHULZ, Appellant,**

v.

**Barbara A. SCHULZ, Appellee.**

**No. 17818.**

Court of Civil Appeals of Texas, Dallas.

Feb. 3, 1972.

Rehearing Denied March 16, 1972.

Ernest Conner, Abney, Burleson, Bondies, Conner & Mills, Dallas, for appellant.

Joseph V. Semon, Clements, Kraus & Fiedler, Richardson, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Barbara A. Schulz originally brought this action against Gerald B. Schulz seeking a divorce, custody of children, division of community property, and attorney's fees. Both parties were alleged to be residents of Dallas County, Texas. Thereafter, in what is designated "Petitioner's Third Party Complaint", Barbara A. Schulz complained of Mary Jane Schulz, a resident of Nueces County, Texas. In this pleading the wife alleged that Mary Jane Schulz, the mother of Gerald B. Schulz, had made a gift of the sum of $25,000 to Barabara and Gerald with no expectation of repayment. She said that, in expectation of the impending divorce proceedings, Gerald executed documents purporting to be a promissory note and security agreement in the sum of $25,000 in favor of Mary Jane Schulz and, as collateral for that purported note and security agreement, did pledge community property con-

sisting of 720 shares of common stock of Thomas Industries, Inc. which had the approximate current value of $17,500. Barbara then alleged that "the execution of the purported note and security agreement is merely a sham to deprive Third Party Plaintiff of her rightful portion of the community property of Third Party Plaintiff and Gerald B. Schulz." She said that the third party defendant, pursuant to the terms of the security agreement, had given notice of sale of the 720 shares of common stock, same to be held on August 18, 1971, and that "should such sale occur the Third Party Plaintiff will be defrauded of her community rights, and be substantially damaged." She then asked that third party defendant be temporarily restrained and temporarily enjoined from selling the shares of stock. Her prayer was solely for the issuance of temporary restraining order and temporary injunction. There was no prayer for general relief.

Mary Jane Schulz filed her plea of privilege to be sued in Nueces County and in response thereto Barbara filed her controverting plea in which she alleged that venue was proper in Dallas County by virtue of subdivisions 29a, 4 and 13 of Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann.

Following a hearing the trial court overruled the plea of privilege and also entered an order continuing the temporary restraining order as a temporary injunction. Mary Jane Schulz, appellant, brings this appeal from both orders.

### VENUE

In her first two points of error appellant contends that the order overruling her plea of privilege should be reversed because (a) she is not a necessary party to the divorce action and is not required to litigate the validity of the indebtedness or security interest outside the county of her residence, and (b) that appellee has failed to establish the applicability of an exception to her right to be sued in the county of her residence. In her reply points appellee argues that the trial court was correct in over-

ruling the plea of privilege since appellant was a necessary party under subdivision 29a, Art. 1995, V.A.C.S., and also that subdivision 4, of Art. 1995, V.A.C.S., is applicable since appellee sustained the burden imposed upon her to allege a cause of action against both defendants and prove the allegations in her petition to show a bona fide cause of action against the resident defendant.

A resolution of the question presented requires the application of certain well defined and basic rules of law which are now noted.

(1) The privilege granted by law to be sued in the county of one's residence is a valuable right which should not be taken away by virtue of technicalities or on a doubtful or strained construction of any exception provision. Where there is equal doubt between the exception and the right to be sued in one's own county, the doubt should be resolved in favor of the right. 59 Tex.Jur.2d, Venue, § 14, pp. 382 et seq.; Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951); Barnwell v. Fox & Jacobs Construction Co., 469 S.W.2d 199 (Tex.Civ.App., Dallas 1971).

(2) Exception 29a is one which is never considered alone, but always in conjunction with some other subdivision of the statute. A plaintiff who relies upon this exception must establish: (a) the venue facts which would show that suit is maintainable where brought against at least one defendant under another subdivision of the statute, and (b) that the remaining defendants, whom he seeks to hold under subdivision 29a, are necessary parties within the meaning of that subdivision. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956).

(3) To maintain venue under subdivision 4, Art. 1995, V.A.C.S., where there is a resident and nonresident defendant, it is not incumbent upon the plaintiff to prove the cause of action against the nonresident defendant, and he establishes right to

maintain venue where laid by (a) alleging a joint cause of action against the defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid multiplicity of suits; (b) proving by independent evidence that the resident defendant in fact resides in such county, and (c) proving that the plaintiff has a cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); Taylor v. Fort Worth Poultry & Egg Co., 112 S.W. 2d 292 (Tex.Civ.App., Fort Worth 1937); and Kirksey v. Warren, 348 S.W.2d 33 (Tex.Civ.App., Dallas 1961).

In the light of these rules we have carefully examined the entire record and having done so we are convinced that appellee has failed to sustain the burden imposed upon her to affirmatively bring the cause of action alleged against the nonresident appellant within any of the exceptions of the venue statute.

■ We first consider the contention of appellee that the nonresident appellant is a necessary party, within the meaning of subdivision 29a, when considered in connection with subdivision 4 which provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. We are convinced, from reading the record, that appellee sustained her burden by proving a cause of action against the resident defendant Gerald B. Schulz. However, we are also convinced from a careful examination of the only pleading filed by appellee in an effort to hold the nonresident appellant in Dallas County, that she has failed to properly allege a cause of action required to retain venue as against such nonresident defendant. In her "Third Party Complaint" appellee does nothing more than assert that her husband, Gerald B. Schulz, executed certain documents in the form of a promissory note and security agreement in favor of Mary Jane Schulz and as collateral for the note and security agreement he pledged certain community property to appellant. She does not allege that appellant received the note and security agreement, together with the collateral, as a part of a fraudulent scheme or conspiracy with Gerald B. Schulz. She does not allege that appellant was guilty of any overt act in bringing about the delivery of the instruments in question nor does she allege, as against appellant, any act of fraud or deceit. The closest she comes to any such allegation is contained in the words: "and the execution of the purported note and security agreement is merely a sham to deprive Third Party Plaintiff of her rightful portion of the community property of Third Party Plaintiff and Gerald B. Schulz." The word "sham" has many defined meanings. Webster's New International Dictionary, 2d Edition, defines "sham" as "Formerly, a trick or fraudulent device that deludes or disappoints; hoax; imposture; humbug; a substitute, imitation or counterfeit purporting to be the real thing." The more modern definition is contained in the American Heritage Dictionary of the English Language: "Something false or empty purporting to be genuine; a spurious imitation; a quality of deceitfulness; empty pretense * * *." Appellee in her pleading against appellant fails to connect her with any affirmative fact which might constitute fraud or deceit. She does not even allege that appellant was a party to the "sham". Even more significantly appellee does not ask that the note and security agreement be set aside and cancelled on account of the "sham". Her only prayer for relief against appellant is for injunction. She does not pray for cancellation or rescission nor does she ask for damages because of any fraudulent conduct on the part of appellant. She makes no plea for general relief. So, when appellee's pleading against appellant is thus analyzed it can only be said that her charge concerning the execution of the instrument is directed against her husband, Gerald B.

Schulz, and that the injunctive relief sought against appellant is merely ancillary to her main cause of action against her husband. In such situation it has been held that where an action is incidental to the cause of action actually asserted, it cannot be relied upon as an exception to defendant's privilege. Kott v. Faircloth, 350 S.W.2d 668 (Tex.Civ.App., Beaumont 1961).

Subdivision 7 of Article 1995 (not relied upon by appellee in her controverting affidavit) provides in substance that in all cases of fraud suit may be brought in the county where the fraud was committed or where the defalcation occurred. While the elements of fraud are not attempted to be pleaded in the third party complaint against appellant the evidence is undisputed that all of the instruments necessary to perfect a security interest in the collateral were received by mail in Corpus Christi, Texas by appellant. To constitute a valid security interest the same must be perfected by delivery of the collateral to the secured party. Business and Commerce Code, §§ 8.102(a) (3), 9.105(a) (7), 9.305, V.T.C.A. The only county where any possible fraud could have been committed would be Nueces County and not Dallas County.

The appellee's effort to rely upon subdivision 13, Art. 1995, must be denied. This subdivision relates to partition and applies to suits for partition of land or other property which may be brought in the county where such land or other property, or part thereof, may be located. The basic cause of action against Gerald B. Schulz is not for partition within the meaning of this subdivision.

Since venue may not be maintained against appellant and by virtue of subdivisions 4, 7 and 13, as contended by appellee, in her brief, we need not concern ourselves with the application of subdivision 29a which cannot be considered alone. However, the following cases are authorities for the proposition that appellant is not a necessary party in this cause of action as contemplated by subdivision 29a. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (Tex. Sup.1939); Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 (1933); Lancaster v. Lancaster, 277 S.W.2d 824 (Tex. Civ.App., Waco 1955, writ granted, affirmed 155 Tex. 528, 291 S.W.2d 303 (1956)); Wall v. Wall, 181 S.W.2d 817 (Tex.Civ.App., Amarillo 1944); and Whitsett v. Whitsett, 201 S.W.2d 114 (Tex. Civ.App., Fort Worth 1947, writ ref'd n.r.e.).

We sustain appellant's points 1 and 2. The judgment of the court overruling appellant's plea of privilege is reversed and judgment is here rendered that the cause of action against her be transferred to a district court of Nueces County, Texas.

## INJUNCTION

In her third point of error appellant attacks the temporary injunction issued against her and asks that the same be dissolved because the order fails to set forth any reason for its issuance. We sustain this point.

The temporary injunction signed by the court on September 21, 1971 merely states that the temporary restraining order previously issued is continued as a temporary injunction restraining and enjoining third party respondent, Mary Jane Schulz, from transferring, selling, or disposing of, in any manner, 720 shares of common stock in Thomas Industries, Inc. There are no words contained in this order which could conceivably be construed as complying with Rule 683, Vernon's Texas Rules of Civil Procedure, which states: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; * * *." In the very recent case of Board of Equalization of City of Plano v. Wells, 473 S.W.2d 88 (Tex.Civ.App., Dallas 1971), we pointed

out that the obvious purpose of the rule is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined. The requirement of the rule for setting out specifically the reasons for the granting of a temporary injunction is mandatory and the failure to comply constitutes reversible error. Robertson Transports, Inc. v. Transport Co. of Texas, 256 S.W.2d 134 (Tex.Civ.App., Austin 1953, reversed on other grounds 152 Tex. 551, 261 S.W.2d 549); State v. Cook United, Inc., 464 S.W.2d 105 (Tex.Sup.1971); Eastex Wildlife Conservation Ass'n v. Jasper, 450 S.W.2d 904 (Tex.Civ.App., Beaumont 1970); Smith v. State of Texas, 450 S.W.2d 393 (Tex.Civ.App., Austin 1970).

■■■ Appellee seeks to interdict the fatal defect in the temporary injunction by asserting that such defect is cured by the findings of fact and conclusions of law which express specific reasons for its issuance. We have examined the record and find no findings of fact and conclusions of law. Even assuming the existence of such findings of fact and conclusions of law we could not agree with appellee that the requirement of the rule is complied with by a finding or a conclusion which conceivably could have been made a number of days following the issuance of the order itself. As stated, the reason for the rule is to promptly notify and advise the person enjoined of what he is enjoined from doing and the reason for such action. A contention was made in State v. Cook United, Inc., 464 S.W.2d 105 (Tex.Sup.1971), that if a sound reason exists for the granting of a temporary injunction a court granting such would be excused from complying with the requirement of Rule 683. The Supreme Court, speaking through Justice Reavley, denied this contention and stated that under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. "It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is nec-

essary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."

The order granting the temporary injunction is reversed and it is here rendered that same be dissolved.

Both orders of the trial court are reversed and rendered.