**CHARTER MEDICAL CORP., Mesquite Memorial Hospital, Inc., and Howard R. Mulcay, Appellants,**

v.

**Dr. Michael J. MILLER, Dr. Harvey I. Wine and Dr. Richard Eusanio, Appellees.**

No. 19288.

Court of Civil Appeals of Texas, Dallas.

June 8, 1977.

Rehearing Denied Aug. 11, 1977.

Bertran T. Bader, III, Bert Bader, Bader, Wilson, Menaker, Cox & Branson, Dallas, for appellants.

R. Jack Ayres, Jr., Kelsoe & Ayres, Dallas, for appellees.

ROBERTSON, Justice.

This is the second interlocutory appeal we have heard in this case. We dissolved an earlier temporary injunction for lack of a specific statement of reasons as required by rule 683, Texas Rules of Civil Procedure. *See Charter Medical Corp. v. Miller*, 547 S.W.2d 77 (Tex.Civ.App., Dallas 1977, no writ). As before, Charter Medical Corporation, Mesquite Memorial Hospital, and Howard Mulcay now appeal from the issuance of a temporary injunction restraining them and all others acting in concert with them from enforcing the amended bylaws of the hospital or in any manner attempting to interfere with or limit the appellees' rights to practice podiatry in the hospital as those rights existed prior to the bylaw amendments. The apparent basis of the appellees' claim is that the amended bylaws unreasonably regulate their alleged constitutional right to practice podiatric medicine by requiring medical staff consultation and supervision of surgery performed by podiatrists. Allegedly, this constitutes invidious class-based discrimination in violation of the podiatrists' civil rights and results in irreparable harm for which there is no adequate remedy at law. Initially, appellants again assert that the temporary injunction is fatally defective for its failure to describe the prohibited acts specifically. Alternatively, appellants chal-

lenge the appellees' failure to show immediate and irreparable harm and the absence of an adequate remedy at law. While we find the order sufficiently describes the proscribed activities, we find no showing of immediate and irreparable harm which would justify injunctive relief. Accordingly, we dissolve the temporary injunction and remand the case for trial on the merits.

Appellants do not challenge the entire order; they only attack the final section, which enjoins them from

> * * * in any manner attempting to interfere with, abridge or limit the Plaintiffs' rights to practice in Mesquite Memorial Hospital as they existed prior to the adoption of the aforesaid ARTICLE XI of the Bylaws.

Allegedly, this portion of the order is too general because it fails to set forth the specific reasons for issuance required by rule 683, Texas Rules of Civil Procedure. We disagree. Considered as a whole, the order sufficiently informs appellants of the prohibited activity, and the generality of this final section does not necessitate dissolution of the restraint.

■ Although it is true that this final section does not specify the nature of appellees' "rights to practice" prior to the bylaw amendment, this generality is cured by earlier parts of the order wherein the court specifically described those preamendment rights. The court's findings of fact are included within the order and recite that prior to the amendment, the podiatrists had been granted privileges in the hospital as "clinical consultants." According to the findings, these privileges entitled the podiatrists to admit patients and to perform surgery within the scope of their license with the concurrent medical management of any general practitioner on the hospital staff. These findings aid the final paragraph of the order by fully describing the rights which are to be observed. Considering the findings of fact stated in the order, the temporary injunction is not fatally defective for lack of specificity. When the court's findings of fact are recited in the order granting the temporary injunction,

the findings may supply the requirements of rule 683. *Littlejohn v. Finder*, 348 S.W.2d 237, 239 (Tex.Civ.App., San Antonio 1961, no writ). This holding does not conflict with our previous decision in *Schulz v. Schulz*, 478 S.W.2d 239, 245 (Tex.Civ.App., Dallas 1972, no writ), for in that case, this court held that findings of fact filed *separately* from the injunctive order cannot cure the order's lack of specificity. As stated in *Schulz*, the purpose of the specificity requirement is to promptly notify and advise the enjoined party of the prohibited activity, and findings or conclusions which are made *after* the issuance of the injunction cannot supply this notice. In this case, however, the findings are recited in the body of the order and sufficiently describe the proscribed conduct; a party who reads the entire order is clearly informed of the scope of his restraint. Accordingly, we hold that the injunction was formally correct under rule 683.

Appellants also assert various evidentiary challenges based on grounds of inadmissibility and insufficiency. However, our review of the record leads us to conclude that even if the evidence were properly admitted, it does not support the issuance of a temporary injunction. Consequently, we do not review the points of error which challenge evidentiary admissibility.

■ Appellants assert that the evidence fails to show the necessary prerequisites to issuance of a temporary injunction, namely, immediate and irreparable injury, absence of an adequate legal remedy, and a probable right of recovery. We agree that the evidence fails to show any threat of immediate and irreparable harm. The only appellee to testify, Dr. Miller, admitted that his podiatric privileges were not limited to Mesquite Memorial Hospital, but that he had privileges at several other facilities, including one located in Mesquite. He further stated that podiatrists were on the staff at several major local hospitals. It follows from this testimony that, under the present record, appellants have not shown that the new regulations irreparably injured their alleged rights to practice podia-

try. There was no showing that resort to these other facilities pending decision on the merits would have prejudiced or interfered with appellees' practice. While we recognize that appellees were not required to establish conclusively an irreparable injury at the temporary injunction hearing, *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 688 (Tex.Civ. App., Dallas 1976, writ ref'd n.r.e.), they were at least required to introduce *some* evidence that the new bylaws threatened their livelihood with irreparable harm. Absent such a showing, the circumstances do not indicate that denial of a temporary injunction will probably cause immediate and irreparable loss. We point out, however, that our decision is based on the present record and does not determine any issue that may be presented at the final trial on the merits. As in most interlocutory appeals, the record is less complete than one made at a plenary trial.

■ Finally, we see no justification for the failure to try this case on the merits during the pendency of our decisions on the temporary injunction appeals. Indeed, the entire case could have been finally and expeditiously resolved in less time than that consumed by these interlocutory appeals. Temporary injunction appeals do not stay proceedings on the merits. *Conway v. Irick*, 429 S.W.2d 648, 649–50 (Tex.Civ.App., Fort Worth 1968, writ ref'd); *Rhoton v. Texas Land & Mortgage Co.*, 80 S.W.2d 763 (Tex.Civ.App., Eastland 1935, writ ref'd). On the contrary, injunction cases are entitled to precedence for trial on the merits, and counsel should diligently seek an early trial during the pendency of the appeal, rather than assuming an automatic right to delay until decision of the interlocutory appeal. *Irving Bank & Trust Co. v. Second Land Corp., supra*, 544 S.W.2d at 689. Pendency of such an appeal should not delay discovery or other preparations for trial. As our supreme court and this court have repeatedly advised, the most expeditious way of obviating the hardship of an unfavorable preliminary order is to *try the case*

*on the merits* and thus secure a hearing in which both facts and law may be fully developed; in this way, both trial and appellate courts may render judgment finally disposing of the controversy. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952); *Irving Bank & Trust Co. v. Second Land Corp., supra*; *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 79 (Tex.Civ.App., Dallas 1977, no writ). Absent extraordinary circumstances, there can be no justification for further delaying the trial of this case.

The judgment of the trial court is reversed, and the temporary injunction is dissolved.