McCLUNG, Justice.
In his temporary injunction appeal, Joel Hill would have us rule on the central issue of law to be decided upon trial on the merits. Hill’s singular complaint presents the question of whether the restrictive covenants in a franchise agreement are over-broad and unreasonable as to scope and area.
*385 The only issue before the trial court in a temporary injunction hearing is whether the applicant is entitled to have the status quo of the suit’s subject matter preserved pending trial on the merits. Iranian Muslim Organization v. City of San Antonio, 615 S.W.2d 202, 208 (Tex.1981). The ruling on the temporary injunction may not be used to obtain an advance ruling on the merits; the question to be decided on appeal is whether the trial court abused its discretion in granting or denying the temporary injunction. Iranian Muslim Organization, 615 S.W.2d at 208.
To warrant the issuance of a temporary injunction the applicant need only show “a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation.” Walling v. Kimbrough, 365 S.W.2d 941, 943 (Tex.Civ.App.—Eastland 1963), aff'd, 371 S.W.2d 691 (Tex.1963). We hold that in the present case the evidence supports a probable right of recovery and that no clear abuse of discretion is shown in granting the injunction to preserve the status quo pending final trial and decision on the merits. As our supreme court and this court have repeatedly advised, “the most expeditious way of obviating the hardship of an unfavorable preliminary order is to try the case on the merits and thus secure a hearing in which both facts and law may be fully developed; in this way, both trial and appellate courts may render judgment finally disposing of the controversy.” Charter Medical Corp. v. Miller, 554 S.W.2d 220, 223 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (emphasis in original). In this connection, litigants and trial courts should be mindful of the court’s instructions in Charter Medical Corp. that “injunction cases are entitled to precedence for trial on the merits.” 554 S.W.2d at 223.
We point out, however, that this decision is based on the present record and does not determine any issue that may be presented at the final trial on the merits. As in most interlocutory appeals, the record is less complete than one made at a plenary trial. 554 S.W.2d at 223.
Having held that the evidence is sufficient to support the trial court’s finding of a probable right of recovery and that there was no abuse of discretion in granting the temporary injunction, we affirm the trial court.
HOWELL, J., dissents.