**Reverse and Remand; Opinion Filed October 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00389-CV

**LIBERTY FEDERAL SAVINGS BANK, Appellant**
**V.**
**2908 LOVERS LANE ENTERPRISES, LLC; SAEED MAHBOUBI; AND JAFAR MAHBOUBI, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00946**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

In this accelerated interlocutory appeal, appellant Liberty Federal Savings Bank (the "Bank") challenges the trial court's order granting a temporary injunction in a lawsuit brought by appellees 2908 Lovers Lane Enterprises, LLC ("2908 LLE"); Saeed Mahboubi ("S. Mahboubi"); and Jafar Mahboubi ("J. Mahboubi") (collectively, "plaintiffs" or "appellees"). The temporary injunction enjoins the Bank from foreclosing on certain real property prior to trial of the lawsuit.

In three issues on appeal, the Bank contends the trial court abused its discretion by granting the temporary injunction because (1) the temporary injunction fails to comply with Texas Rule of Civil Procedure 683 and is therefore void, *see* TEX. R. CIV. P. 683; (2) appellees "did not prove irreparable harm"; and (3) "under fundamental principles of equity, appellees are not entitled to injunctive relief."

We decide the Bank's first issue in its favor. Consequently, we need not reach the Bank's other issues. We reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

## I. FACTUAL AND PROCEDURAL CONTEXT

S. Mahboubi and his father, J. Mahboubi, are members of 2908 LLE. In January 2009, 2908 LLE obtained a construction loan of more than $1,000,000.00 from the Bank to build a new house on property located at 2908 Lovers Lane in Dallas, Texas ("the property"). The promissory note underlying that loan was secured by a deed of trust lien on the property. Also, S. Mahboubi signed a personal guaranty as to that promissory note. Subsequently, in May 2009, the Bank lent an additional amount to 2908 LLE for completion of the project. The promissory note respecting that loan was secured in the same manner as the promissory note pertaining to the prior loan.

The house was completed in October 2009 and listed for sale, but no offers were received. In approximately December 2009, the Mahboubi family began living in the house. They have resided there continuously since that that time without paying any rent to the owner, 2908 LLE.

On approximately January 12, 2016, the Bank sent a "Notice of Maturity and Foreclosure" to 2908 LLE and S. Mahboubi respecting both loans described above. Appellees filed this lawsuit against the Bank on January 27, 2016. In their petition, they asserted claims for breach of contract, fraud, misrepresentation, and wrongful foreclosure. Additionally, the petition included an application for a temporary injunction. That application stated in part, "Plaintiffs have no adequate remedy at law due to the nature of the injury since it affects unique real property that is Saeed and Jafar Mahboubi's home." Further, attached to the application as an exhibit was an affidavit of S. Mahboubi in which he stated in part, "Plaintiffs have no adequate

remedy at law due to the nature of the injury since it affects unique real property that is my home, the home of my father and my family." The Bank filed a general denial answer.

Following a hearing on appellees' application for a temporary injunction, the trial court signed the temporary injunction order described above. Therein, the trial court stated in part,

> Based upon the sworn pleadings filed by the Plaintiffs, the arguments of counsel and the evidence presented at the hearing, the Court finds and concludes as follows:
>
> > A. Plaintiffs will suffer immediate and irreparable harm unless the Defendant is enjoined . . . from directly or indirectly, engaging in the following acts:
> >
> > > a. Taking any actions to foreclose on the property located at 2908 Lovers Lane, Dallas, Texas.
> >
> > B. Plaintiffs have a likelihood of prevailing on the merits; no legitimate harm or prejudice will result to Defendant by granting the requested injunctive relief given the immediate and irreparable harm that could result. Plaintiffs have no adequate remedy at law due to the nature of the injury since it affects the home where the Plaintiffs reside.

This appeal timely followed.

## II. COMPLIANCE WITH RULE 683

### A. Standard of Review

The decision to grant or deny a temporary injunction is within the trial court's discretion, and we will not reverse that decision absent a clear abuse of discretion. *See, e.g., Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

### B. Applicable Law

To be entitled to a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 743 (Tex. App.—Dallas 2011, no pet.); *Indep. Capital Mgmt.,*

261 S.W.3d at 794; *Freedom LHV, LLC v. IFC White Rock, Inc.*, No. 05-15-01528-CV, 2016 WL 3548012, at *1 (Tex. App.—Dallas June 28, 2016, pet. filed) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE § 65.011 (West 2008)). For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *El Tacaso*, 356 S.W.3d at 743. "The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Id*. at 744 (quoting *Butnaru*, 84 S.W.3d at 210).

In relevant part, rule 683 requires every order granting a temporary injunction to state the reasons for its issuance and to be specific in its terms. TEX. R. CIV. P. 683; *Indep. Capital Mgmt.*, 261 S.W.3d at 795. "[T]he obvious purpose of [rule 683] is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *El Tacaso*, 356 S.W.3d at 744 (quoting *Schulz v. Schulz*, 478 S.W.2d 239, 244–45 (Tex. Civ. App.—Dallas 1972, no writ)). A trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory. *Id*. "To comply with rule 683, a trial court must set out in the temporary injunction order the reasons the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunctive relief is not ordered." *Id*.

The requirements of rule 683 are mandatory and must be strictly followed. *Id*. at 745; *Indep. Capital Mgmt.*, 261 S.W.3d at 795. "Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory." *El Tacaso*, 356 S.W.3d at 745. If a temporary injunction order fails to comply with the requirements of rule 683, it is void. *Id*.; *see also Indep. Capital Mgmt.*, 261 S.W.3d at 795 ("A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683.").

## C. Application of Law to Facts

In its first issue, the Bank contends the temporary injunction order in question does not comply with rule 683 because the order fails to specify "the reasons why the trial court found Appellees were entitled to relief" and "how Appellees would be irreparably harmed in the absence of injunctive relief." Appellees respond in part,

> The order clearly states that the harm would result due to the "nature of the injury since it affects the home where the Plaintiffs reside."
> The threatened injury by Appellant was foreclosure of the home of Appellees, and without the injunction, Appellant would have proceeded to foreclose. The trial court clearly identified the reasons for the temporary injunction: the harm from a foreclosure is irreparable. The court recognized in the temporary injunction that the Appellees reside in the home, and the injury that would have occurred if the Appellant had been allowed to foreclose.

Additionally, appellees' appellate brief states in part (1) "[e]very piece of real estate is unique, and foreclosure is an irreparable injury for which there is no adequate remedy at law" and (2) "[e]ven where the real property is owned by an entity, the land purchaser is entitled to injunctive relief due to the uniqueness of real property."

The record shows the trial court's temporary injunction order stated in part that plaintiffs (1) "will suffer immediate and irreparable harm" if the request to enjoin foreclosure is not granted and (2) "have no adequate remedy at law due to the nature of the injury since it affects the home where the Plaintiffs reside." As described above, the trial court was required to set out in "specific" terms in the order "the reasons why the applicant will suffer injury if the injunctive relief is not ordered." *El Tacaso*, 356 S.W.3d at 744. However, the record shows the trial court's order in question "fails to identify" the irreparable harm appellees would suffer absent the injunction. *See Indep. Capital Mgmt.*, 261 S.W.3d at 796. Further, to the extent appellees argue the trial court's temporary injunction order should be construed as stating that appellees are without adequate remedy at law due to the unique nature of real estate, the record shows the

order does not mention or address uniqueness at all, much less in "specific" terms. *See El Tacaso*, 356 S.W.3d at 744; *Indep. Capital Mgmt.,* 261 S.W.3d at 795.

We conclude the trial court's temporary injunction order does not satisfy the requirements of rule 683. *See* TEX. R. CIV. P. 683. Therefore, that order is void. *See El Tacaso*, 356 S.W.3d at 745.

We decide the Bank's first issue in its favor.

### III. CONCLUSION

We decide in favor of the Bank on its first issue. Therefore, we need not reach the Bank's remaining issues.

We reverse the order of the trial court, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

160389F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LIBERTY FEDERAL SAVINGS BANK,
Appellant

No. 05-16-00389-CV        V.

2908 LOVERS LANE ENTERPRISES,
LLC; SAEED MAHBOUBI; AND JAFAR
MAHBOUBI, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-00946.
Opinion delivered by Justice Lang, Justices
Myers and Evans participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order granting a temporary injunction, **DISSOLVE** the temporary injunction, and **REMAND** the case to the trial court for further proceedings.

It is **ORDERED** that appellant Liberty Federal Savings Bank recover its costs of this appeal from appellees 2908 Lovers Lane Enterprises, LLC; Saeed Mahboubi; and Jafar Mahboubi.

Judgment entered this 20th day of October, 2016.