**WILSON N. JONES MEMORIAL HOSPITAL, Ramona Henson, R.N., and Shelly Self, L.V.N., Appellants,**

v.

**James Kenneth HUFF, Jr. and Cathy Sanders, Individually and On Behalf of the Estate of James Kenneth Huff, Sr., Deceased, and Zelma Huff, Appellees.**

**No. 05-03-00596-CV.**

Court of Appeals of Texas, Dallas.

Oct. 14, 2003.

Rehearing Overruled Nov. 24, 2003.

John B. Kyle, Dena L. Mathis, Kim A. Lucas, Kyle & Mathis, L.L.P., Dallas, Glenn M. Karisch, Barnes & Karisch, P.C., Austin, for appellants.

Jack W. London, Jack W. London & Associates, P.C., Austin, for appellees.

Before Justices MORRIS, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

Wilson N. Jones Memorial Hospital, Ramona Henson, R.N., and Shelly Self, L.V.N. appeal the trial court's denial of their application for a temporary injunction. For the reasons below, we affirm the trial court's judgment.

### Factual and Procedural Background

Appellees are the independent co-executors of the estate of James Kenneth Huff, Sr., deceased, and Huff's wife. Huff died on February 27, 2002, while he was a patient at Wilson N. Jones Memorial Hospital. The hospital is in Grayson County. The independent co-executors filed an application for probate in the Statutory Probate Court in Travis County. Subsequently, appellees filed a wrongful death and survival action against appellants in the probate court in Travis County, alleging that appellants negligently caused Huff's death. In the probate court, appellants filed a motion to transfer venue, asserting that venue was proper in Grayson County. The probate court granted the motion, and the wrongful death case was transferred to Grayson County. In the probate court, appellees then filed a motion pursuant to section 5B of the probate code to transfer the case back to the probate court. The probate court granted that motion and ordered that the case in Grayson County be transferred by the district clerk in Grayson County to the probate court and consolidated with the probate proceeding.

In Grayson County, appellants filed an application for a temporary restraining order and for temporary and permanent injunction. Appellants sought to enjoin the Grayson County district clerk from transferring the case back to the Travis County probate court, thus defeating the probate court's exercise of its transfer authority pursuant to section 5B. It was appellants' contention that venue of the medical malpractice claim properly lies in Grayson County pursuant to section 15.002(a)(1) of the civil practice and remedies code, and the suit was properly transferred to Grayson County. *See* Tex. Civ. Prac. & Rem.

Code Ann. § 15.002(a)(1) (Vernon 2002).[1] According to appellants, venue of suits brought by an executor for personal injury or death is determined by section 15.007 of the civil practice and remedies code, which specifically states that it controls over the probate code's venue provisions. *See id.* § 15.007.[2] Thus, appellants argued that section 15.007 controlled over section 5B of the probate code and fixed venue for the medical malpractice suit in Grayson County. *See* Act of May 23, 1983, 68th Leg., R.S., ch. 958, § 1, 1983 Tex. Gen. Laws 5228, *amended by* Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, *amended by* Act of June 2, 2003, 78th Leg., R.S. § 3.05, 2003 Tex. Sess. Law Serv. 854 (Vernon) (codified at Tex. Prob.Code Ann. § 5B (Vernon 2003)).[3]

The Grayson County district court signed a temporary restraining order, enjoining the district clerk from transferring the case to Travis County and setting a hearing on the application for temporary injunction. After the hearing, the Grayson County district court denied appellants' application for temporary injunction. The trial court made findings of fact and conclusions of law, specifically finding that appellants failed to prove that they would suffer irreparable harm or damage if a temporary injunction were not ordered. Appellants appeal the denial of the temporary injunction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (Vernon Supp.2003).

In four issues, appellants contend the trial court abused its discretion in denying the temporary injunction because (1) section 15.007 of the civil practice and remedies code, providing for venue conflicts, controls over section 5B of the probate code; (2) there was no proceeding in the probate court into which the wrongful

1. Section 15.002(a)(1) provides that, with exceptions not relevant here, "all lawsuits shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; ...."

2. Section 15.007, provides:

> Notwithstanding Sections 15.004, 15.005, and 15.031, to the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.

3. Before the 2003 amendment, section 5B of the probate code provided:

> A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

The 2003 amendment renumbered the above provision as section (a) and added as section (b):

> Notwithstanding any other provision of this chapter, the proper venue for an action by or against a personal representative for personal injury, death, or property damages is determined under Section 15.007, Civil Practice and Remedies Code.

The 2003 amendment is effective September 1, 2003. Act of June 2, 2003, 78th Leg., R.S., § 23.02, 2003 Tex. Sess. Law Serv. 898 (Vernon). Further, the 2003 amendment applies only to an action filed on or after the effective date of the act. *Id.* § 23.02(d), 2003 Tex. Sess. Law Serv. 899 (Vernon). Thus, the 2003 amendment does not apply to this case, and we consider section 5B as amended by the Legislature in 1999. The issues of the interaction between section 15.007 and sections of the probate code, including 5B, are addressed in *Reliant Energy, Inc. v. Gonzalez,* 102 S.W.3d 868 (Tex.App.-Houston [1st Dist.] 2003, pet. granted), and *In re Houston Northwest Partners, Ltd.*, 98 S.W.3d 777 (Tex.App.-Austin 2003, orig. proceeding [mand. pending] ).

death suit could be transferred, as required by section 5B; (3) the transfer from Grayson County to Travis County rewarded and promoted forum shopping and inequitable conduct; and (4) section 5B is unconstitutional as applied to these facts. Appellees respond that the trial court did not abuse its discretion in denying the application for temporary injunction to prevent the transfer from Grayson County because appellants failed to demonstrate all the requisites of a temporary injunction.

APPLICABLE LAW AND STANDARD OF REVIEW

In general, a temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993) (per curiam). The decision to grant or deny a temporary writ of injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion. *Id.* at 58. For a temporary injunction to issue, the movant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; (3) a probable, imminent, and irreparable injury in the interim; and (4) no adequate remedy at law. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002); *Walling,* 863 S.W.2d at 57; *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 65.011 (Vernon 1997).

For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru,* 84 S.W.3d at 204. That is, the applicant has to establish that there is no adequate remedy at law for damages. *Cardinal Health Staffing Network, Inc. v. Bowen,* 106 S.W.3d 230, 235 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (citing *Surko Enters., Inc. v. Borg-Warner Acceptance Corp.,* 782 S.W.2d 223, 225 (Tex.App.-Houston [1st Dist.] 1989, no writ)). An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *Id.* The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru,* 84 S.W.3d at 204.

We do not substitute our judgment for that of the trial court. Rather, we merely determine whether the court's action was so arbitrary as to exceed the bounds of reasonable discretion. *In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex.2002). The trial court does not abuse its discretion in denying a temporary injunction based on its holding that the party failed to prove one of the requirements for a temporary injunction. *See Tom James of Dallas, Inc. v. Cobb,* 109 S.W.3d 877, 889 (Tex.App.-Dallas 2003, no pet.).

On appeal, appellants rely on *In re SWEPI, L.P.,* 85 S.W.3d 800 (Tex.2002), a mandamus case, to support their argument that they had no adequate remedy at law and were irreparably harmed. In *SWEPI,* the supreme court determined that a probate court improperly transferred to itself, pursuant to section 5B, a suit concerning an oil and gas royalty, when the royalty suit did not meet the requirements of 5B. The supreme court concluded that the transfer without statutory authority was a clear abuse of discretion and granted mandamus relief because the probate court interfered with the jurisdiction of the court from which the suit was transferred. *Id.* at 805–09.

Appellants also rely on *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999), another mandamus case, to support their ar-

gument that the transfer to Travis County pursuant to section 5B is in "such disregard for guiding principles of law" and that harm is irreparable. In *Masonite,* hundreds of plaintiffs sued the defendants over the defendants' alleged use of defective building materials. The suits were filed in two counties, and some of the plaintiffs were not residents of the counties in which they brought suit. *Id.* at 195. The defendants moved to transfer venue of the nonresidents' claims to the counties of the defendants' principal offices or to Dallas. The plaintiffs moved the court to sever the claims of the nonresidents and send the nonresidents to their respective home counties. The trial court denied both motions, but, on it own motion, it severed the nonresidents' claims and transferred them to the counties of their respective residences, thus dividing two suits into sixteen cases to be tried in sixteen different counties. *Id.* at 196. Reviewing venue law, the supreme court concluded that the trial court improperly granted the plaintiff's choice of venue, not the defendants' choice, and on its own motion, creating "automatic reversible error" in "multiple improper forums." *Id.* at 198. The court conceded that "the mere fact that a trial court has committed reversible error is not sufficient by itself to warrant mandamus relief." *Id.* at 199. However, the court concluded that the trial court "wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands or taxpayer dollars in those counties," and that these were exceptional circumstances warranting mandamus relief. *Id.*

*SWEPI* and *Masonite* are relied upon by appellants to support their contention that a transfer to the probate court is so contrary to law that an injunction is required. However, in neither of these mandamus cases was the standard for irreparable injury or harm in injunction cases an issue. In the trial court, appellants argued they would be irreparably harmed if the case were transferred to Travis County because of the extra costs of litigating in Travis County and because jurisdiction and venue would be taken away from the proper court in Grayson County. Appellants did not plead, and offered no evidence, regarding the irreparable harm or injury standard for injunctive relief, that is, that they could not be adequately compensated in damages or that the damages could not be measured by any certain pecuniary standard. *Butnaru,* 84 S.W.3d at 204. We reject their argument that any erroneous legal ruling pursuant to section 5B is a "per se" abuse of discretion that meets the standard for irreparable harm or injury in injunction cases. Therefore, we conclude the trial court did not clearly abuse its discretion in expressly finding that appellants failed to prove irreparable harm based on improper jurisdiction or venue rulings in these circumstances.

Because appellants failed to establish irreparable harm, we need not consider whether they established any other requirement for a temporary injunction. *See Cobb,* 109 S.W.3d at 889.

## Conclusion

Because appellants failed to prove the irreparable harm or injury requirement of a temporary injunction, we conclude that the trial court did not clearly abuse its discretion in denying their application for temporary injunction. Accordingly, we conclude appellants cannot show abuse of discretion under any of their arguments, and we decide their issues against them. We affirm the trial court's judgment.