**EL TACASO, INC., Appellant,**

v.

**JIREH STAR, INC. and Aaron Kim, Appellees.**

**No. 05–11–00489–CV.**

Court of Appeals of Texas, Dallas.

Dec. 8, 2011.

---

Terry Jarvis, Law Offices of Terry Jarvis, P.C., Dallas, TX, for Appellant.

Tailim Song, Tailim Song Law Firm, Chad M. Ruback, The Ruback Law Firm, Dallas, TX, for Appellees.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

This is an accelerated interlocutory appeal of the trial court's order granting a temporary injunction. In a single issue, appellant El Tacaso, Inc. (El Tacaso) contends the trial court abused its discretion in granting the temporary injunction because appellees Jireh Star, Inc. (Jireh Star) and Aaron Kim (Kim) did not prove an imminent threat of irreparable harm, the temporary injunction altered the status quo of the subject matter of the suit, the trial court exceeded its jurisdiction, the temporary injunction fails to comply with Texas Rule of Civil Procedure 683 and is void on its face, and the temporary injunction is vague and overly broad. We conclude the temporary injunction is void because it does not comply with the mandatory requirements of rule of civil procedure 683. We reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and re-mand the case to the trial court for further proceedings.

## Background

El Tacaso owns real property located on Harry Hines Boulevard in Dallas, Texas, where it operated a restaurant under the name of "Gordita's." In April 2007, Jireh Star entered into two agreements with El Tacaso regarding the continued operation of Gordita's: a Lease Agreement (the Lease) for lease to Jireh Star of the real property on which Gordita's is located and a License Agreement (the License) permitting Jireh Star to operate Gordita's for a period of twelve months. Kim, president of Jireh Star, executed a written addendum to the Lease personally guaranteeing performance of the Lease.

The License contained an option to extend its initial twelve-month term, so long as the Lease remained in force. In order to exercise the option to extend the License term, Jireh Star was required to pay El Tacaso "a one-time fee of $158,000." In early 2008, Jireh Star decided to exercise its option to extend the License term and executed a Promissory Note agreeing to pay El Tacaso the one-time License fee of $158,000 over forty-eight months with interest. An additional term of the Promissory Note was a cross-default provision that a default by Jireh Star under the Promissory Note would be considered a default under both the Lease and the License.

El Tacaso filed suit against Jireh Star and Kim alleging appellees defaulted under the Promissory Note and, therefore, had breached the Lease. Jireh Star filed counterclaims of fraud, violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA),[1] negligent misrepre-

---

1. *See* TEX. BUS. & COM.CODE ANN. §§ 17.41– 17.926 (West 2011).

sentation, breach of contract, intentional interference with business relations, breach of quiet enjoyment, and false imprisonment against El Tacaso, Raul Rios, and Abel Hernandez.[2] Jireh Star also sought a temporary restraining order, a temporary injunction, and a permanent injunction. Jireh Star contended it would suffer imminent and irreparable loss and damage, for which it could not be compensated by monetary damages, unless the trial court enjoined El Tacaso from "continu[ing] to interfere with [Jireh Star's] business, desir[ing] to ruin Jireh Star's business, and continu[ing] ... prejudicial acts."

The trial court granted a temporary injunction in favor of Jireh Star. El Tacaso filed this interlocutory appeal, contending the trial court abused its discretion by entering the temporary injunction order. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (West 2008) (order granting or denying a temporary injunction is an appealable interlocutory order); *see also In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex.2002) (orig. proceeding).

## Applicable Law and Standard of Review

■ The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). A party asking for a temporary injunction seeks extraordinary equitable relief. *Wilson N. Jones Mem'l Hosp. v. Huff*, 188 S.W.3d 215, 218 (Tex.App.-Dallas 2003,

pet. denied). The extraordinary equitable remedy of an injunction must be carefully regulated and confined to proper cases. *See Associated Gen. Contractors of Tex., Inc. v. City of El Paso*, 932 S.W.2d 124, 126 (Tex.App.-El Paso 1996, no pet.); *Raine v. Searles*, 302 S.W.2d 486, 487 (Tex. Civ.App.-El Paso 1957, no writ); *see also Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961).[3] The decision to grant or deny a temporary injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion. *Butnaru*, 84 S.W.3d at 204; *Huff*, 188 S.W.3d at 218.

■ To be entitled to a temporary injunction, an applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 65.011 (West 2008). "Probable injury" includes the elements of imminent harm, irreparable injury, and no adequate remedy at law. *Univ. of Tex. Med. School v. Than*, 834 S.W.2d 425, 428 (Tex.App.-Houston [1st Dist.] 1992, no writ). For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204; *Huff*, 188 S.W.3d at 218; *see also Tex. Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex.App.-Houston [1st Dist.]

---

**2.** Raul Rios and Abel Hernandez signed the Lease and the License as officers of El Tacaso. Rios and Hernandez have not appealed the trial court's temporary injunction order.

**3.** *See also Jones v. Chinwah*, No. 05–97–00911–CV, 1997 WL 703628, at *2 (Tex.App.-

Dallas Nov. 13, 1997, no pet.) (not designated for publication) (issuance of temporary injunction is extraordinary equitable remedy and use should be carefully regulated) (citing *Shannon*, 348 S.W.2d at 519).

1992, no writ) (applicant for injunctive relief must establish damages are incapable of calculation or party sought to be enjoined is incapable of responding in damages). "The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Butnaru*, 84 S.W.3d at 210. "An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief." *Huff*, 188 S.W.3d at 218 (citing *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex.App.Houston [1st Dist.] 2003, no pet.)).

In relevant part, rule of civil procedure 683 requires every order granting a temporary injunction to state the reasons for its issuance, be specific in terms, and describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained. TEX.R. CIV. P. 683; *Lifeguard Benefit Servs., Inc. v. Direct Med. Network Solutions, Inc.*, 308 S.W.3d 102, 116 (Tex.App.-Fort Worth 2010, no pet.). "[T]he obvious purpose of [rule 683] is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *Schulz v. Schulz*, 478 S.W.2d 239, 244–45 (Tex.Civ.App.-Dallas 1972, no writ); *see also Bd. of Equalization of the City of Plano v. Wells*, 473 S.W.2d 88, 91 (Tex.Civ. App.-Dallas 1971, no writ).

A trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory. *See* TEX.R. CIV. P. 683 (order "shall be specific in terms"); *see also State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971); *San Antonio Bar Ass'n v. Guardian Abstract & Title Co.*, 156 Tex. 7, 291 S.W.2d 697, 702 (1956) (quoting *Villalobos v. Holguin*, 146 Tex. 474, 208 S.W.2d 871, 875 (1948))

(law in Texas regarding the specificity of temporary injunctions is that they must be "as definite, clear and precise as possible"); *Charter Med. Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex.Civ.App.-Dallas 1977, no writ); *Vaughn v. Drennon*, 202 S.W.3d 308, 316 (Tex.App.-Tyler 2006, no pet.) (injunction must be definite, clear, and concise, leaving the person enjoined in no doubt about his duties, and should not be such as would call on person enjoined for interpretations, inferences, or conclusions); *Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n. 32 (Tex.2008) ("conclusory" is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based") (citing BLACK'S LAW DICTIONARY 308 (8th ed. 2004)). To comply with rule 683, a trial court must set out in the temporary injunction order the reasons the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunctive relief is not ordered. *Cook United, Inc.*, 464 S.W.2d at 106; *see also City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708 (Tex.App.-Corpus Christi 2010, no pet.) ("When a temporary injunction is based in part on a showing that the applicant would suffer irreparable harm if the injunction is not issued, Rule 683 requires the order to state precisely *why* the applicant would suffer irreparable harm.") (emphasis in original)); *Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 454 (Tex.App.-Fort Worth 1986, no writ) (necessary for the trial court to give the reasons why injury will be suffered if the temporary relief is not ordered); *cf. In re Office of Attorney Gen.*, 257 S.W.3d 695, 697 (Tex.2008) (orig. proceeding) (per curiam) (temporary restraining orders that did not meet requirements of rule of civil procedure 680 that such orders "define injury they were designed to prevent" and "explain why such injury would be irrepa-

rable" were void (citing *InterFirst Bank San Felipe v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex.1986)).

■ The requirements of rule of civil procedure 683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex.2000) (per curiam); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex.App.-Dallas 2008, no pet.). Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory. *See Cook United, Inc.*, 464 S.W.2d at 107 (Calvert, J., concurring) ("The requirement in Rule 683 that the reasons for issuing an injunction be stated in the order could hardly be couched in stronger language. It is mandatory."). If a temporary injunction order fails to comply with the mandatory requirements of rule of civil procedure 683, it is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *Collins*, 261 S.W.3d at 795 (trial court abuses its discretion by issuing temporary injunction order that does not comply with requirements of rule 683); *see also Court-*

landt Place Historical Found. v. Doerner*, 768 S.W.2d 924, 926 (Tex.App.-Houston [1st Dist.] 1989, no writ) (injunction order that fails to comply with requirements of rule of civil procedure 683 is subject to being declared void and dissolved) (citing *InterFirst Bank San Felipe*, 715 S.W.2d at 641).

**Analysis**

■ In a single issue, El Tacaso contends the trial court abused its discretion in granting the temporary injunction. We first consider El Tacaso's argument the trial court abused its discretion because the temporary injunction order fails to comply with rule of civil procedure 683 and is void on its face.[4]

Here, the trial court included the following "findings"[5] in the temporary injunction order:

> (5) Unless [El Tacaso, Inc.], its agents, officers, principals, or representatives, is [sic] restrained and enjoined from interfering with with [sic] [Jireh Star's] quiet enjoyment of the leasehold, including but not limited to interfering with [Jireh

---

4. At oral argument, Jireh Star argued El Tacaso had waived objection to the adequacy of the trial court's temporary injunction order by failing to properly raise objections in the trial court. Jireh Star acknowledged it had not made that argument in its appellate brief. We need not determine whether El Tacaso waived a contention that the trial court's temporary injunction order was void for failure to comply with rule of civil procedure 683. If a temporary injunction order fails to comply with the mandatory requirements of rule 683, it is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *Collins*, 261 S.W.3d at 795. "An appellate court can declare a temporary injunction void even if the issue has not been raised by the parties." *City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex.App.-Dallas 2005, no pet.); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex.Civ.App.-San Antonio 1981, no writ); *see also City of Garland v. Patel*, No. 05–00–00176–CV, 2001

WL 216272, at *1 (Tex.App.-Dallas Mar. 6, 2001, no pet.) (mem. op., not designated for publication) (when temporary injunction order does not adhere to requirements of rule of civil procedure 683, the injunction order is subject to being declared void and dissolved, even when party challenging order approved the form of the order before submitting it to trial court and fails to raise issue on appeal specifically challenging defects in the order).

5. A trial court may, but need not, file findings of fact and conclusions of law with respect to an interlocutory order. Tex.R.App. P. 28.1(c); *see also Charter Med. Corp. v. Miller*, 554 S.W.2d 220, 222 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.) (when court's findings of fact are recited in an order granting a temporary injunction, findings may satisfy the requirement that the trial court set forth specific reasons for issuance of order).

Star's] business by directly or indirectly wrongfully evicting/locking-out or locking-in [Jireh Star], itself, and its officers, vendors, providers, agents, contractors, and employees, including act [sic] of changing the locks of the leasehold, and from interfering with [Jireh Star's] customers by directly or indirectly wrongfully preventing access to [Jireh Star's] restaurant itself, its doors, its parking lot, or its drive-thru, and to continue such prejudicial acts, [Jireh Star] will suffer irreparable harm for which there is no adequate monetary compensation.

(6) Unless [El Tacaso, Inc.], its agents, officers, principals, or representatives, is [sic] restrained and enjoined from taking direct or indirect action to promote its desire, intention, and purpose to ruin [Jireh Star's] business in order to regain its leasehold and [Jireh Star's] restaurant, including but not limited to demanding payment, taking actions to collect, or exercising any default rights in relations [sic] to the subject-Promissory Note and subject-License Agreement, and to continue such prejudicial acts, [Jireh Star] will suffer irreparable harm for which there is no adequate monetary compensation.

(7) [Jireh Star] has sufficiently shown a probable right to relief of [sic] its claims for Fraud, Breach of Contract, Breach of Quiet Enjoyment, violation of Deceptive Trade Practices Act, and Tortious Interference with Business Relations, and other claims sought in its First Amended Counter–Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction; and

(8) [Jireh Star] has sufficiently shown that it will suffer a probable injury, the harm is imminent, the injury would be irreparable, and that [Jireh Star] has no other adequate legal remedy.

The trial court's temporary injunction order also contains the following paragraphs:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that [El Tacaso], including its agents, officers, principals, or representatives, is temporarily restrained from interfering with [Jireh Star's] quiet enjoyment of the leasehold, including but not limited to interfering with [Jireh Star's] business by directly or indirectly wrongfully evicting/locking-out or locking-in [Jireh Star], itself, and its officers, vendors, providers, agents, contractors, and employees, including act [sic] of changing the locks of the leasehold; and from interfering with [Jireh Star's] customers by directly or indirectly wrongfully preventing access to [Jireh Star's] restaurant itself, its doors, its parking lot, or its drive-thru.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [El Tacaso], including its agents, officers, principals, or representative [sic], is temporarily restrained from taking direct or indirect actions to promote its desire, intention, and purpose to ruin [Jireh Star's] business in order to regain the leasehold and [Jireh Star's] restaurant, including but not limited to demanding payment, taking actions to collect, or exercising any default rights in relations [sic] to the subject-Promissory Note and subject-License Agreement.

Jireh Star argues that the trial court's order restraining El Tacaso's interference with Jireh Star's "quiet enjoyment" of the leasehold is sufficiently detailed to meet the requirements of rule of civil procedure 683. We disagree. *See Cook United, Inc.,* 464 S.W.2d at 108 (McGee, J., dissenting) ("If this Court desires to grant an exception to [rule 683], to the effect that the reason for issuance of the temporary injunction need not be stated, it should be

accomplished by a rule change, not by reading something into an order that does not appear in the order itself."). While the trial court's temporary injunction order sets out examples of actions to be restrained, the order provides no nexus between the actions restrained and an irreparable injury to Jireh Star that cannot be adequately compensated. *See Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56 (Tex.App.-San Antonio 2010, no pet.) (language in temporary injunction order that tenants will suffer irreparable injury "**in their possession and use of the Subject Property** in the event that the requested injunctive relief is not granted" was not sufficiently detailed to meet the requirements of rule of civil procedure 683, where the trial court failed to set forth underlying facts to support the finding that "irreparable injury in [the tenants'] possession and use of the Subject Property" will occur, making the court's finding conclusory." (emphasis in original)).

Specifically, the trial court's order does not state or explain the probable, imminent, and irreparable harm Jireh Star will suffer absent an injunction. *See id.; see also Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715

S.W.2d at 641; *Fasken v. Darby*, 901 S.W.2d 591, 593 (Tex.App.-El Paso 1995, no writ) (because probable injury subsumes the elements of irreparable injury and no adequate remedy at law, a valid injunction must articulate the reasons why the identified probable injury is an irreparable one for which appellees have no adequate legal remedy). The trial court's temporary injunction order simply recites the conclusory statement that Jireh Star has shown that it will suffer an irreparable injury for which it has no other adequate legal remedy.[6] That conclusory statement does not satisfy the rule 683 requirement that a temporary injunction order specify the reasons why the applicant will suffer irreparable harm for which there is no adequate remedy at law. *See AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (merely stating that a party "will suffer irreparable harm" or "has no adequate remedy at law" does not meet the rule 683 requirement of specificity).

■ Each case in which a temporary injunction is sought presents a unique set of facts; accordingly, the nature and extent of a trial court's description of the

---

**6.** It was Jireh Star's choice to seek injunctive relief, and as the party seeking injunctive relief it bore the burden to plead and prove the element of a probable, imminent, and irreparable injury. *See Butnaru*, 84 S.W.3d at 204; *Lifeguard Benefit Servs., Inc.*, 308 S.W.3d at 111. In its pleadings, Jireh Star states it is a small business and, with customers being unable to access the restaurant due to the actions of El Tacaso, it will lose money. In its pleadings, Jireh Star states that the actions of El Tacaso are causing monetary damage to Jireh Star which are difficult to calculate. Jireh Star also states that if the restaurant cannot be operated, Jireh Star will lose employees who will be difficult to replace. In his affidavit, Kim reiterates these statements, adding that Jireh Star will, therefore, suffer irreparable harm. In his testimony at the hearing on the motion for temporary injunc-

tion, Kim again asserted it was difficult to calculate damages. However, Jireh Star has not suggested it is impossible to calculate the monetary damages it will allegedly suffer from the inability to operate the restaurant or in hiring and training replacement restaurant employees. *See Huff*, 188 S.W.3d at 219 (appellants did not plead, and offered no evidence, regarding the irreparable harm or injury standard for injunctive relief, that is, that they could not be adequately compensated in damages or that the damages could not be measured by any certain pecuniary standard) (citing *Butnaru*, 84 S.W.3d at 204). Nor has Jireh Star suggested, or is there evidence that, El Tacaso might be unable to respond in damages to Jireh Star's claims against it if Jireh Star prevails on the merits. *See Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 558 (Tex.App.-Dallas 2009, pet. dism'd w.o.j.).

reasons why an applicant will suffer irreparable injury will vary from case to case. We assess the adequacy of a trial court's temporary injunction order taking into account the extent to which the description of irreparable injury will: (1) enable a party against whom the temporary injunction has been issued to understand the basis for the ruling and evaluate the propriety of a challenge to the injunction, and (2) provide an adequate basis for appellate review of the injunction. In this case, the trial court's order does not state or explain the reasons why irreparable injury will result absent an injunction. El Tacaso and this Court can only speculate about what those reasons might be. As the grant of Jireh Star's requested relief did not meet the mandatory requirements for compliance with rule of civil procedure 683, we have no choice in our disposition of this matter. We conclude the temporary injunction order is void. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715 S.W.2d at 641; *see also* Tex.R. Civ. P. 683. Our decision on this argument makes it unnecessary for us to address El Tacaso's other arguments. We sustain El Tacaso's first issue.

### Conclusion

We reverse the trial court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.