**REVERSE and REMAND; Opinion Filed December 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01011-CV

**SAFECO LLOYDS INSURANCE COMPANY, Appellant**
**V.**
**JAMES & PATRICIA BARRENTINE, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-04453**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Safeco Lloyds Insurance Company appeals the trial court's order temporarily enjoining a re-appraisal of the Barrentines' residence in Bastrop, Texas. In three issues, Safeco argues the trial court's injunction was an improper collateral attack on the orders and jurisdiction of the Bastrop court, the trial court abused its discretion by finding the Barrentines had a probable right to recovery under the invalidated appraisal, and the trial court erred by refusing to dissolve the injunction. We reverse the trial court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand for further proceedings.

In March 2011, the Barrentines purchased a homeowner's insurance policy from Safeco for their home in Bastrop, Texas. In September 2011, wildfires damaged the Barrentines' home, and they filed a claim under the insurance policy. In May 2012, pursuant to the provisions of the policy, Safeco demanded an appraisal of the amount of loss suffered by the Barrentines and

designated its appraiser. The policy provided the Barrentines were entitled to appoint their own appraiser, and the two appraisers would agree on an umpire. If the appraisers were unable to agree on an umpire, the policy permitted either party to request that the choice of an umpire be made by a judge of a district court of a judicial district where the loss occurred.

In August 2012, Safeco filed a motion in Bastrop County district court seeking the appointment of an umpire because the parties' appointed appraisers were unable to agree on an umpire. In September 2012, the Bastrop County court appointed an umpire. On January 25, 2013, the umpire issued a proposed appraisal award, allegedly without considering the estimate or opinions of Safeco's appraiser. On January 31, following a hearing, the Bastrop County court appointed a different umpire. On April 13, the Barrentines nonsuited the suit in Bastrop County and re-filed suit in Dallas County district court. Among other things, the Barrentines sought a temporary restraining order barring the Bastrop County court from conducting a re-appraisal of the Barrentines' property in Bastrop. On July 3, 2013, the Dallas County district court entered an order temporarily enjoining the re-appraisal of the Bastrop property, and this interlocutory appeal followed.

In its first issue, Safeco argues the Dallas County district court erred in entering a temporary injunction. Specifically, Safeco argues the temporary injunction impermissibly disrupted the status quo of the underlying case by ignoring and unwinding the orders of the Bastrop County court, "allowing the Barrentines to collaterally attack those orders in a court of concurrent jurisdiction." We agree.

The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 743 (Tex. App.—Dallas 2011, no pet.). A party asking for a temporary injunction seeks extraordinary equitable relief. *El Tacaso*,

–2–

356 S.W.3d at 743; *Wilson N. Jones Mem'l Hosp. v. Huff*, 188 S.W.3d 215, 218 (Tex. App.—Dallas 2003, pet. denied). The extraordinary equitable remedy of an injunction must be carefully regulated and confined to proper cases. *El Tacaso*, 356 S.W.3d at 743. The decision to grant or deny a temporary injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of discretion. *Butnaru*, 84 S.W.3d at 204.

To be entitled to a temporary injunction, an applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* "Probable injury" includes the elements of imminent harm, irreparable injury, and no adequate remedy at law. *El Tacaso*, 356 S.W.3d at 743. For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law. *Butnaru*, 84 S.W.3d at 210. An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *El Tacaso*, 356 S.W.3d at 744.

As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other case should be abated. *Ashton Grove, L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 794 (Tex. App.—Dallas, 2012, no pet.); *see In re Sims*, 88 S.W.3d 297, 302 (Tex. App.—San Antonio 2002, orig. proceeding) (citing *Wyatt v. Shaw*, 760 S.W.2d 245, 248 (Tex. 1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)). In *Curtis*, the Texas Supreme Court stated:

> Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. If the second court refuses to sustain a proper plea in abatement or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdiction.

*Curtis*, 511 S.W.2d at 267.

Where two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction should retain jurisdiction, undisturbed by the interference of another court and dispose of the controversy. *In re Sims*, 88 S.W.3d at 303. It is not required that the exact issues and all the parties be included in the first action before the second action is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. *Id.* The test is whether there is an inherent interrelation of the subject matter in the two suits. *Id.* As long as the forum of the first action is proper, the plaintiff's choice of forum must be respected, and a defendant is "simply not at liberty to decline to do battle in the forum chosen by the plaintiff." *Id.* (quoting *Wyatt*, 760 S.W.2d at 248).

Here, the record shows that the Dallas County district court's temporary injunction, rather than preserving the status quo of the underlying suit pending a trial on the merits, usurped the role of the Bastrop County court as the court granted authority to conduct an appraisal under the terms of the parties' contract. *See Butnaru*, 84 S.W.3d at 204. The temporary injunction states the Dallas County district court's finding that "re-appraisal and its attendant delay poses a risk of irreparable harm to the Barrentines' health and to their rights in their unique real property." As a result, the temporary injunction was granted "barring a second or subsequent appraisal of the insured risk at issue in the above-captioned litigation pending [the Dallas County district court's] ruling on the summary judgment now pending in connection with the completed appraisal." Thus, rather than preserving the status quo, the temporary injunction purportedly cut off the Bastrop County court from taking further action to effectuate the appraisal the contract between the parties mandated. *See id.* The Bastrop County court, as the court with dominant jurisdiction, should have been left undisturbed to dispose of the underlying controversy. *See In re Sims*, 88

–4–

S.W.3d at 302-03. We conclude the trial court erred in entering its temporary injunction in this case. We sustain Safeco's first issue. Because of our disposition of Safeco's first issue, we need not address Safeco's remaining issues.

We reverse the trial court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.

/David L. Bridges/

DAVID L. BRIDGES

131011F.P05                                  JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAFECO LLOYDS INSURANCE
COMPANY, Appellant

No. 05-13-01011-CV        V.

JAMES & PATRICIA BARRENTINE,
Appellees

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-04453.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the trial court's order granting temporary injunctive relief is **REVERSED**, the temporary injunction is **ORDERED** dissolved, and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant SAFECO LLOYDS INSURANCE COMPANY recover its costs of this appeal from appellees JAMES & PATRICIA BARRENTINE.

Judgment entered this 17th day of December, 2014.