**Reverse and Remand; Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01528-CV

### FREEDOM LHV, LLC, Appellant
### V.
### IFC WHITE ROCK, INC., Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03920-A**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and O'Neill[1]
Opinion by Justice Stoddart

This is an accelerated interlocutory appeal of the trial court's order granting a temporary injunction. The order enjoins Freedom LHV, LLC from terminating IFC White Rock, Inc.'s right to peaceful possession of leased premises, including initiating any "lockout" against IFC. In four issues, Freedom argues the trial court erred by granting the temporary injunction. We conclude the temporary injunction is void because it does not comply with the mandatory requirements of rule of civil procedure 683. We reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

IFC operates a health club in premises it leases from Freedom.  A dispute arose between the parties after the roof above the health club began leaking and water damaged the interior of the club.  IFC sued Freedom.  In its petition, IFC asserted that Freedom would terminate IFC's right to possession of the premises if it failed to replace the roof.  IFC sought a temporary injunction to prevent Freedom from terminating IFC's right to possession of the leased premises. Freedom asserted a counterclaim for breach of contract.  Following a two-day hearing, the trial court issued an order granting a temporary injunction. The trial court's order states:[2]

1. Defendant intends to terminate immediately Plaintiff's right to peaceful possession of the leased premises by initiating a lockout of Plaintiff;
2. Unless this restraint is ordered immediately, without notice to Defendant, Plaintiff will suffer irreparable injury immediately, because no other legal remedy can be obtained and effected before the injury occurs;
3. Plaintiff will probably be awarded a recovery in this cause;
4. If Defendant's threatened conduct as described above is not enjoined during the pendency of this suit, Plaintiff will be injured because: Plaintiff's business interests will be terminated, which will lead not only to financial losses but additional harm to its employees' livelihood, well-being, and access to medical treatment.  Further, the financial losses alleged are not readily quantifiable;
5. Plaintiff has exercised due diligence in prosecuting the underlying claim in this cause;
6. Plaintiff's injury will outweigh any injury to Defendant that may occur on issuance of this injunction;
7. The injunction will not disserve the public interest;
8. Defendant's intended conduct as described above will change the status quo, which should be maintained in the public interest.

The trial court ordered a "temporary injunction issue . . . enjoining Freedom LHV, LLC from terminating Plaintiff's right to peaceful possession of the leased premises including initiating any 'lockout' against Plaintiff to the leased premises."

To be entitled to a temporary injunction, an applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.  *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 743 (Tex. App.—Dallas 2011, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84

---

[2] IFC is the plaintiff below and Freedom is the defendant.

S.W.3d 198, 204 (Tex. 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 65.011 (West 2008)). For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* (citing *Butnaru*, 84 S.W.3d at 204; *Wilson N. Jones Mem'l Hosp. v. Huff*, 188 S.W.3d 215, 218 (Tex. App.—Dallas 2003, pet. denied)). "The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Id.* at 744 (quoting *Butnaru*, 84 S.W.3d at 210).

In relevant part, rule of civil procedure 683 requires every order granting a temporary injunction state the reasons for its issuance, be specific in terms, and describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained. TEX. R. CIV. P. 683; *El Tacaso, Inc.*, 356 S.W.3d at 744. "[T]he obvious purpose of [rule 683] is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *El Tacaso, Inc.*, 356 S.W.3d at 744 (quoting *Schulz v. Schulz*, 478 S.W.2d 239, 244–45 (Tex. Civ. App.—Dallas 1972, no writ)).

A trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory. *See* TEX. R. CIV. P. 683 (order "shall be specific in terms"); *El Tacaso, Inc.*, 356 S.W.3d at 744-45 (collecting cases). The requirements of rule of civil procedure 683 are mandatory and must be strictly followed. *El Tacaso, Inc.*, 356 S.W.3d at 745 (citing *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.)). Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory. *See State v. Cook United, Inc.*, 464 S.W.2d 105, 107 (Tex. 1971) (Calvert, J., concurring) ("The requirement in Rule 683 that the reasons for issuing an injunction

be stated in the order could hardly be couched in stronger language. It is mandatory."); *El Tacaso, Inc.*, 356 S.W.3d at 745.

If a temporary injunction order fails to comply with the mandatory requirements of rule of civil procedure 683, it is void. *El Tacaso, Inc.*, 356 S.W.3d at 745 (collecting cases). "An appellate court can declare a temporary injunction void even if the issue has not been raised by the parties." *Id.* at 745 n.4 (quoting *City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.)).

Here, the trial court's order does not state the specific reasons for its issuance, specify any facts relied on, or describe in reasonable detail the acts sought to be restrained. *See id.* at 744. Other than stating that IFC's "business interests will be terminated," without any explanation about how or why, the temporary injunction order simply sets out the elements necessary for injunctive relief.[3]  The trial court's conclusory recitals of the elements of a temporary injunction without explanation, including about how IFC would suffer probable, imminent, and irreparable harm absent injunctive relief, are insufficient. *See* TEX. R. CIV. P. 683 (order "shall be specific in terms"); *El Tacaso, Inc.*, 356 S.W.3d at 747 (conclusory statement plaintiff "will suffer an irreparable injury for which it has no other adequate legal remedy" failed to explain probable, imminent, and irreparable harm absent injunction); *Collins*, 261 S.W.3d at 796 (collecting cases) (recital of "irreparable damage herein and injury by virtue of the Defendants' conduct" lacks the specificity required by rule 683); *In re Chaumette,* 456 S.W.3d 299, 305-06 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) (temporary-injunction order reciting: "The Court finds . . . Plaintiff will suffer irreparable injury for which he has no legal remedy if this injunction is not granted" was void).

---

[3] To the extent the trial court relied on alleged harm to IFC's employees to support its finding that IFC would be irreparably harmed, IFC stated in its brief on appeal that it "does not contend that such harm constitutes irreparable injury" to IFC. We agree and do not consider the trial court's recitation of harm to employees' wages, well-being, and access to medical treatment to be harm to IFC.

Because the trial court's order granting the temporary injunction fails to comply with the mandatory requirements of rule of civil procedure 683, it is void.  *See* TEX. R. CIV. P. 683; *El Tacaso, Inc.*, 356 S.W.3d at 745.

## CONCLUSION

We reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.


/Craig Stoddart/
CRAIG STODDART
151528F.P05                                                                        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FREEDOM LHV, LLC, Appellant

No. 05-15-01528-CV     V.

IFC WHITE ROCK, INC., Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-15-03920-A.
Opinion delivered by Justice Stoddart.
Justices Fillmore and O'Neill participating.

In accordance with this Court's opinion of this date, we reverse the trial court's order granting the temporary injunction, we dissolve the temporary injunction, and we remand the case to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 28th day of June, 2016.