**CONDITIONALLY GRANT and Opinion Filed April 11, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00012-CV**

**IN RE PJD LAW FIRM, PLLC D/B/A DUGAS & CIRCELLI, PLLC, Relator**

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-17486**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Reichek

In this original proceeding, PJD Law Firm, PLLC d/b/a Dugas & Circelli, PLLC, defendant in the underlying action, challenges a temporary restraining order that requires it to make available to plaintiff Lyndsey Cheek, a former PJD attorney, files for those clients for whom Cheek was or is identified as attorney of record, active attorney, lead counsel, or attorney in charge while she was employed by PJD. The order does not comply with Texas Rule of Civil Procedure 683 and is therefore void. Accordingly, we conditionally grant PJD's petition for writ of mandamus.

# BACKGROUND

Cheek joined PJD as an associate attorney in 2018 and in early 2022 she became a partner. At PJD, Cheek represented property owners who sought to challenge their ad valorem property taxes before tax authorities and in court. In the fall of 2022, Cheek decided to leave PJD and join the Ryan Law Firm, which also represents property owners in ad valorem tax disputes. Shortly after Cheek tendered her resignation, PJD excluded her from the premises and terminated her access to the firm's computer system. Cheek and the Ryan Law Firm subsequently requested that PJD provide client files in which Cheek had signed pleadings and was identified as an attorney of record so she could give each client the opportunity to decide "what they desire for their particular case" and to "fulfill her ethical obligations in communicating with the clients." PJD refused these requests.

Cheek filed Plaintiff's Original Verified Petition and Request for Injunctive Relief against PJD, asserting claims for tortious interference with prospective business relationships, breach of contract, declaratory relief, and injunctive relief. Pertinent to this original proceeding, Cheek sought a temporary restraining order requiring PJD to permit Cheek to access and make copies of files, materials, and other confidential information for those clients for whom she was or is identified as attorney of record, active attorney, lead counsel, or attorney in charge while employed by PJD. After a hearing, the trial court entered a temporary restraining order stating in relevant part:

The Court finds that Plaintiff has shown a probable right to relief on some or all of her relief sought at a final trial on the merits. Specifically, Plaintiff has demonstrated by her verified petition and Application a probable right to relief on her declaratory judgment claims as they specifically relate to Defendant's obligation to make available for access and/or copying at Plaintiff's expense any client files for those clients for whom she was or is identified as attorney of record, active attorney, lead counsel, or attorney in charge while employed by Defendant.

The Court further finds that Plaintiff has demonstrated she and the clients at issue will suffer imminent, irreparable, and extreme injury if the requested relief is not awarded by the Court. Specifically, Plaintiff has demonstrated that she – and the clients – will suffer imminent, irreparable harm for which there is no adequate remedy at law.

The Court further finds that Plaintiff does not have an adequate remedy at law because, at this time, the damages that she and the clients are sustaining are difficult, if not impossible, to fully assess.

The Court finds that all other requirements of Texas Rule of Civil Procedure 680 et seq. and Texas Civil Practices & Remedies Code § 65.001 have been satisfied with respect to the entry of this Temporary Restraining Order.

. . . .

**IT IS THEREFORE ORDERED** that the Clerk of the Court issue a Temporary Restraining Order that Defendant shall on or before January 6, 2023 make available to Lyndsey Cheek only, for access and/or copying at Plaintiff's expense, the client's files for those clients for whom Ms. Cheek was or is identified as attorney of record, active attorney, lead counsel, or attorney in charge in any pleading filed on behalf of those clients while Plaintiff was employed by Defendant.

PJD sought mandamus review and a stay of the order pending mandamus review. We stayed the order pending resolution of this original proceeding.

–3–

## APPLICABLE LAW

Mandamus will issue if PJD establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it issues a void order, *In re Elavacity, LLC*, No. 05-18-00135-CV, 2018 WL 915031, at *1 (Tex. App.—Dallas Feb. 16, 2018, orig. proceeding) (mem. op.), and in such a case a party need not show that it lacks an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## DISCUSSION

In this original proceeding, PJD challenges the temporary restraining order on three grounds: (1) the order improperly alters the status quo to award Cheek the ultimate relief she seeks in this lawsuit; (2) Cheek failed to plead or prove the prerequisites for mandatory injunctive relief because her application for injunctive relief is not based on a valid cause of action, she has not proven a probable right to recovery, and she failed to plead or prove imminent irreparable harm for which there is no adequate remedy at law; and (3) the order does not meet the requirements of Texas Rule of Civil Procedure 683 because it fails to set forth the reasons for its issuance and is not specific in its terms. PJD's Rule 683 argument is dispositive of this original proceeding.

Rule 683 states:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . .

TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory and must be strictly followed. *Mark Bailey, Edamame, Inc. v. Ramirez*, No. 05-22-00072-CV, 2022 WL 18006718, at *2 (Tex. App.—Dallas Dec. 30, 2022, no pet.) (mem. op.). Relying on *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740 (Tex. App.—Dallas 2011, no pet.), PJD argues that the order does not satisfy the requirements of Rule 683 because it does not recite any facts that showed imminent, irreparable injury for which Cheek has no adequate remedy at law. We agree.

In *El Tacaso*, we considered a temporary injunction that restrained El Tacaso from interfering with its lessee's enjoyment of its leasehold based on the trial court's finding that the lessee would "suffer irreparable harm for which there is no adequate monetary compensation" and that the lessee had "sufficiently shown that it will suffer a probable injury, the harm is imminent, the injury would be irreparable, and that [the lessee] has no other adequate legal remedy." *Id.* at 745–46. We observed that although the temporary injunction gave examples of actions to be restrained, the order provided no nexus between the actions restrained and an irreparable injury to El Tacaso's lessee that could not be adequately compensated. *Id.* at 747. Without such an explanation the restrained party is unable to understand the basis for the ruling and evaluate the propriety of a challenge to the injunction, and we are without

–5–

an adequate basis for appellate review. *Id*. at 748. We have applied the reasoning in *El Tacaso* to declare other temporary injunctions and temporary restraining orders void.[1] *See, e.g., Mark Bailey, Edamame, Inc.*, 2022 WL 18006718, at \*3 (temporary injunction); *Arterberry v. Willowtax, LLC*, No. 05-21-00238-CV, 2022 WL 472796, at \*4 (Tex. App.—Dallas Feb. 16, 2022, pet. denied) (mem. op.) (temporary injunction); *Wimbrey v. WorldVentures Mktg., LLC*, No. 05-19-01520-CV, 2020 WL 7396007, at \*5 (Tex. App.—Dallas Dec. 20, 2020, no pet.) (mem. op.) (temporary injunction); *4415 W Lovers Lane, LLC v. Stanton*, No. 05-17-01363-CV, 2018 WL 3387384, at \*3 (Tex. App.—Dallas July 12, 2018, no pet.) (mem. op.) (temporary injunction); *Elevacity,* 2018 WL 915031, at \*2 (temporary restraining order); *Liberty Fed. Sav. Bank v. 2908 Lovers Lane Enters., LLC*, No. 05-16-00389-CV, 2016 WL 6124139, at \*3 (Tex. App.—Dallas Oct. 20, 2016, no pet.) (mem. op.) (temporary injunction); *Freedom LHV, LLC v. IFC White Rock, Inc.*, No. 05-15-01528-CV, 2016 WL 3548012, at \*2–3 (Tex. App.—Dallas June 28, 2016, pet. dism'd) (mem. op.) (temporary injunction).

The reasoning of *El Tacaso* applies equally in this case. The temporary restraining order does not identify the imminent, irreparable, and extreme injury or harm that Cheek would suffer in the absence of the temporary restraining order. It

---

[1] Because Rule 683 applies to both temporary restraining orders and temporary injunctions, it is not necessary to the disposition of this appeal for the Court to determine whether the temporary restraining order is functionally a temporary injunction. We express no opinion on the issue.

does not provide a nexus between the actions compelled (requiring PJD to give Cheek access to, and allow her to copy, all client files for clients she represented) and an irreparable injury to Cheek. The order merely recites the conclusory statement that Cheek would suffer immediate, irreparable harm for which there is no adequate remedy at law. Like in *El Tacaso*, we, and PJD, must speculate about what reasons the trial court had for entering the temporary restraining order.

Cheek contends that the temporary restraining order satisfies Rule 683 because it describes in reasonable detail and not by reference to the complaint or any other document, the act or acts sought to be restrained and Rule 683 does not require additional specificity regarding the "reasons for its issuance." Cheek cites no authority to support this position, and she makes no attempt to address *El Tacaso* or any of the above-cited binding cases contrary to her position. While Cheek also argues that "everyone here knows the basis for the TRO," this Court observed in *El Tacaso* that "[e]ven if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory." *El Tacaso*, 356 S.W.3d at 745; *see also Elevacity*, 2018 WL 915031, at *2 (temporary restraining order violated Rule 683 by, among other things, referencing only applicant's pleadings as support for order).

## CONCLUSION

The temporary restraining order does not comply with the specificity requirements of Rule 683. PJD has shown the trial court abused its discretion by

issuing a void order, and, because the order is void, is relieved of showing it lacks an adequate remedy by appeal.  We therefore conditionally grant PJD's petition for writ of mandamus and direct the trial court to vacate the December 30, 2022 temporary restraining order. The writ will issue only if the trial court fails to do so. !

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230012F.P05