

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-25-00345-CV

___

AGRIFUND, LLC, APPELLANT

V.

ANNEN, INC., LEVI CATTLE CO., INC., DOE EYE, LLC, GARRETT ANNEN, INC.,
JON MAC ANNEN, LESLY BOSCH ANNEN,[1] SHELBY RAY ANNEN,
GARRETT ANNEN, AND CODY ANNEN, APPELLEES

___

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B11213-2510, Honorable Kregg Hukill, Presiding

___

March 9, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant Agrifund, LLC, appeals from the district court's order denying its application for a preliminary injunction in its suit against appellees Annen, Inc.; Levi Cattle

___

[1] Lesly Bosch Annen is included in the style of the order from which Agrifund, LLC, appeals. However, we note that this individual is not named as a defendant in the pleadings included in the Clerk's Record on appeal.

Co., Inc.; Doe Eye, LLC; Garrett Annen, Inc.; Jon Mac Annen; Shelby Ray Annen; Garrett Annen; and Cody Annen. We affirm.

## BACKGROUND

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them in full detail here, but only as necessary to advise the parties of the Court's decision and basic reasons for it. *See* TEX. R. APP. P. 47.4.

Beginning in November of 2023, Agrifund advanced funds to the appellees for various agricultural inputs. After loan modifications, Agrifund was exposed to a total of more than $5 million in outstanding indebtedness owed by the appellees. Appellees pledged collateral for the loans, including proceeds of government farm payment programs. At the time the loans originated, the appellees signed CCC-36 forms, which authorize Farm Service Agency ("FSA") payments made to producers to be assigned to creditors. The forms apply to then-existing farm payment programs, but not to future programs. However, Agrifund's witness testified that Agrifund's loan agreements with the appellees required the appellees to execute new CCC-36 forms for new payment programs arising after the loans were signed.

In March of 2025, the FSA announced the Emergency Commodity Assistance Program ("ECAP"). Agrifund provided the necessary CCC-36 forms to each appellee for assignment of FSA payments made under the program. By the time the appellees returned the completed forms, the appellees had already received ECAP payments. Agrifund requested that the appellees turn the funds over to Agrifund, but they did not do so.

2

In October of 2025, Agrifund filed suit against the appellees for breach of contract and sought injunctive relief. Agrifund alleged that appellees have received $789,382.13 in payments from the United States Department of Agriculture and that an injunction is required to prevent dissipation of such funds. The trial court granted Agrifund's request for a temporary restraining order. At a hearing on October 23, 2025, and by orders dated November 3, 2025, the trial court denied Agrifund's application for a preliminary injunction. Agrifund then filed this interlocutory appeal pursuant to section 51.014 of the Texas Civil Practice and Remedies Code.

## ANALYSIS

In its request for injunctive relief, Agrifund sought an order: (1) prohibiting the appellees "from accepting, depositing, or in any way collecting FSA payments for crop year 2024" and directing such payments to Agrifund, (2) prohibiting the appellees "from disbursing or in any way spending" any FSA funds for crop year 2024 they have already received and remitting such funds to Agrifund, and (3) requiring the immediate execution and delivery to Agrifund of form CCC-36s for the Supplemental Disaster Relief Program. In a single appellate issue, Agrifund asserts that the trial court abused its discretion by declining to enter a preliminary injunction to that effect.

The decision to grant or deny an injunction rests within the sound discretion of the trial court. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Accordingly, we review the denial of an application for an injunction under an abuse of discretion standard. An abuse of discretion occurs when a trial court acts in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.

3

1985).  In reviewing the trial court's decision, we draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment.  *RWI Constr., Inc. v. Comerica Bank*, 583 S.W.3d 269, 274 (Tex. App.—Dallas 2019, no pet.).

The purpose of a temporary injunction is to maintain the status quo of the litigation's subject matter pending a trial on the merits.  *Id.* at 275.  A temporary injunction is an extraordinary remedy and does not issue as a matter of right.  *Id.*  The extraordinary equitable remedy of an injunction must be carefully regulated and confined to proper cases.  *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 743 (Tex. App.—Dallas 2011, no pet.).  To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim.  *Butnaru*, 84 S.W.3d at 204.  "Probable injury" includes the elements of imminent harm, irreparable injury, and no adequate remedy at law.  *El Tacaso, Inc.*, 356 S.W.3d at 743.  For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard.  *Butnaru*, 84 S.W.3d at 204.

In the instant case, the wrongful conduct alleged was a breach of contract.  Generally, monetary damages for a breach of contract are considered to be an adequate remedy so as to preclude any injunctive relief.  *See RWI Constr., Inc.*, 583 S.W.3d at 279) (discussing "the ancient and controlling rule [that] forecloses resort to injunctive relief simply to sequester a source of funds to satisfy a future judgment.").  Agrifund argues that this case meets the exception to the general rule, which applies when there is a "logical and justifiable connection" between the claims alleged and the acts sought to be enjoined.

4

*Id.* at 277. Simply because an applicant for a temporary injunction seeks monetary damages for breach of contract as its ultimate relief "does not guarantee that damages are completely adequate as a remedy." *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam). Thus, trial courts may enforce contractual rights by injunction if the applicant presents evidence to establish that monetary damages for an alleged breach would be inadequate. *See Tex. Black Iron, Inc. v. Arawak Energy Int'l, Ltd.*, 527 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

It was Agrifund's burden to establish that, absent the requested injunctive relief, it would suffer an injury that could not be adequately remedied by monetary damages. *Id.* Agrifund claims there is no adequate remedy of a money judgment because these government payments are "the only collateral left as all crops are now gone." Agrifund further argues that this is a case in which the defendant is at risk of becoming judgment proof before trial. Neither assertion is supported with a citation to the record. Agrifund's briefing does not direct us to evidence in the record establishing how monetary damages would not adequately compensate it for any wrongdoing committed by the appellees.

We must view the evidence in the light most favorable to the trial court's order and indulge every reasonable inference in favor of the ruling. Having done so, we conclude that the trial court could have reasonably determined that Agrifund did not meet its burden to prove a probable, imminent, and irreparable injury requiring injunctive relief.

Finally, we briefly address Agrifund's argument that the trial court based its decision on an impermissible, extralegal consideration. While the trial court made a passing reference to "the economic circumstances of our producer neighbors" before

orally pronouncing its decision, the record indicates that there is no conflict between the oral pronouncement denying relief and its written order. We find no grounds for reversal based on the trial court's comment.

## CONCLUSION

Accordingly, we affirm the trial court's order.

Judy C. Parker
Chief Justice

6